# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS VAN HOUWELINGEN and DIAN MAYA ALLO, h/w<br>4702 Autumn Orchard Lane<br>Katy, Texas 77494<br><br>Plaintiffs,<br><br>v.<br><br>PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER<br>500 University Drive<br>Hershey, PA 17033<br><br>and<br><br>PENN STATE HEALTH SURGERY SPECIALTIES<br>200 Campus Drive<br>Entrance 4<br>Hershey, PA 17033<br><br>and<br><br>PENN STATE HERSHEY SURGICAL SPECIALTIES<br>500 University Drive, UPC Building<br>Suite 3100<br>Hershey, PA 17033<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**PLAINTIFFS' COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This lawsuit involves the mutilation of the plaintiff's genitals and destruction of his urinary, sexual, and gastrointestinal systems due to the misdiagnosis of a skin condition known as pyoderma gangrenosum, instead concluding it was a scrotal abscess that simply refused to heal over months and months in spite of repetitive surgical procedures. Due to this misdiagnosis, Mr. Van Houwelingen underwent dozens

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
WWW.BEASLEYFIRM.COM

1

Van Houwelingen v. Penn State Health Milton S. Hershey Medical Center, et al.
Plaintiffs' Complaint

of unnecessary and damaging surgical procedures on his genitals, his urinary system, and his bowels.  It was not until months after this continued misdiagnosis that the proper diagnosis was made, a condition known as pyoderma gangrenosum (PD).  PD should have been part of the initial differential diagnosis beginning with the 1 October 2020 admission, given that Mr. Van Houwelingen has a history of stage IV follicular lymphoma as well as his history, the test results at the hospital, and the non-healing nature of this process.

## PARTIES

2.    Plaintiffs, Dennis Van Houwelingen and his wife, Dian Maya Allo, are husband and wife, and reside at the identified address.

3.    Defendant, Penn State Health Milton S. Hershey Medical Center (the Hospital), is a business entity and/or legal corporation which at all times material hereto owned, maintained, operated, and/or controlled a full service hospital located at the above address.  At all times material hereto, this defendant employed as actual and/or ostensible agents, servants, workmen, and/or employees those healthcare providers involved in Mr. Van Houwelingen's care at issue in this lawsuit.

4.    Plaintiff is asserting a professional liability action against the Hospital.

5.    At all times relevant hereto, the hospital and its agents, servants, and/or employees owed Mr. Van Houwelingen the duty to render medical care in accordance with applicable standards as more fully articulated herein; defendants instead provided negligent medical care, sub-standard medical care, and care that increased the risk of permanent injury to him.

6.    Defendant Penn State Health Surgery Specialties (PSHSS) is a medical

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

practice group that provided treatment and care to Mr. Van Houwelingen, and at all relevant times maintained offices at the above address.

7. At all times material hereto, PSHSS was, or may have been, the employer of the individuals involved with healthcare, clerical, and administrative duties with respect to Mr. Houwelingen's care; alternatively, these individuals were agents or servants of PSHSS.

8. Plaintiff is pursuing a professional liability claim against PSHSS.

9. Defendant Penn State Hershey Surgery Specialties (HSS) is a medical practice group that provided treatment and care to Mr. Van Houwelingen, and at all relevant times maintained offices at the above address.

10. At all times material hereto, HSS was, or may have been, the employer of the individuals involved with healthcare, clerical, and administrative duties with respect to Mr. Houwelingen's care; alternatively, these individuals were agents or servants of HSS.

11. Plaintiff is pursuing a professional liability claim against HSS.

12. By operation of law and specific to the laws of agency within the Commonwealth of Pennsylvania, the defendants are responsible for the acts and omissions of those healthcare providers involved in the misdiagnosis and continued negligent care as identified in this complaint.

13. At all times the plaintiffs acted with due care and were not in any way contributorily and/or comparatively negligent.

14. The injuries and damages alleged in this complaint were proximately caused by the negligence, carelessness, and tortious conduct of the defendants, acting

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

individually or through their respective agents, servants, and employees.

15. The acts, omissions, and other tortious conduct of the defendants increased the risk of harm to Mr. Van Houwelingen, and were substantial contributing factors to, and a proximate cause of, the plaintiffs' injuries.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy vastly exceeds the jurisdictional requirements to guarantee a jury trial, exclusive of interest and costs, and because the defendants have their its principal places of business in state other than the state in which the plaintiffs reside. This Court has personal jurisdiction over the defendants because all of the actions herein occurred in this judicial district.

## FACTS

17. On 1 October 2020, Mr. Van Houwelingen presented to the hospital's emergency room with a history of a non-healing perineal wound; he was admitted to the hospital and its urology service for evaluation and management of this condition.

18. Prior to this admission, the healthcare providers involved in the plaintiff's care were aware of his history of non-Hodgkin's lymphoma, as well as a history of debridement of scrotal swelling, wound persistence, and chronic wound issues.

19. On 2 October 2020, Mr. Van Houwelingen was taken to the operating room for conditions described as fournier's gangrene and a necrotizing wound infection, and to perform another incision and debridement; as part of this procedure, it was shared with the plaintiff that the defendants would possibly have to remove the plaintiff's testicles as part of this procedure. During this procedure, biopsy specimens

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

and a washout was performed and a non-healing, fibrinous tissue was found. Intraoperative blood cultures and surgical pathology reported no organisms, just granulation tissue and ulceration.

20. On 4 October 2020, the plaintiff underwent a repeat washout and again no signs of infection or positive cultures.

21. Ultimately, due to a consistently elevated white blood count, plastic surgery was consulted and on 10 October 2020 removed a piece of retained gauze that was left in the plaintiff's left scrotum.

22. After this procedure, the differential diagnosis for this poor wound healing was expanded to include a non-infectious etiology and perhaps a skin malignancy. However, no follow up on that to determine if this was a consequence of the lymphoma occurred, and the plaintiff was discharged to a long-term acute care facility on 13 October 2020.

23. These procedures and treatments during this admission resulted in such severe scrotal pain that he was unable to travel to Texas for admission to a long-term care facility; he was discharged on 14 October 2020 to Select Specialty Hospital in Harrisburg.

24. The plaintiff was again admitted to the hospital on 11 November 2020 with further complications from the repeated procedures identified above and in the medical records; during this November, 2020 admission, the plaintiff underwent a multitude of procedures, including washouts, bilateral nephrostomy tube placement, and dressing changes that were so painful he needed the acute pain service to participate and ultimately the need for an epidural to address the significant amount of pain.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

25. Further complications during this admission resulted in the placement of a sigmoid loop colostomy and a persistent urethral fistula and requirement for wound vac placement.

26. Ultimately, after the significant number of operative procedures and devastating complications without any progress, it was finally recognized that the healthcare providers involved in the plaintiff's care misdiagnosed his condition and the diagnosis of pyoderma gangrenosum (PD) was made, a condition known to be associated with the plaintiff's type of lymphoma.

27. Once the proper diagnosis of PD was made (in spite of their being significant clues from the beginning of the October, 2020 admission), the plaintiff was treated with steroids and a drug known as Infliximab.

28. Upon the proper diagnosis of the PD and the medical management with steroids and Infliximab, the plaintiff's condition, in spite of all of the iatrogenic damage caused during the misadventures due to the misdiagnosis, began to improve. His pain began to get controlled, the wounds began to heal, and he was ultimately discharged.

29. To this day, Mr. Van Houwelingen continues to experience significant pain, discomfort, and disfigurement as a result of the misdiagnosis, mutilation of his genitals during these procedures, and his permanent damage to his urinary and gastrointestinal systems.

30. The hospital's neglect, via its agents, servants and/or employees involved in Mr. Van Houwelingen's care from the 1 October 2020 admission, the misdiagnosis of a surgical condition when the actual diagnosis was a nonsurgical, medical condition easily treated with steroids and Infliximab, was below any reasonable standards and

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

increased the risk of harm to Mr. Van Houwelingen.

## COUNT I - NEGLIGENCE
## DENNIS VAN HOUWELINGEN v. THE HOSPITAL

31. Plaintiffs incorporate by reference the averments set forth in the prior paragraphs as though same were set forth herein at length.

32. Plaintiff was treated by the hospital in such a negligent and careless manner to cause serious bodily and emotional injuries to him.

33. The negligence and carelessness of the hospital, its agents, ostensible agents, servants and employees consisted of the following:

a) Vicarious liability for its agents, servants and/or employees involved in Mr. Van Houwelingen's admission on 1 October 2020 and the subsequent readmission on 11 November 2020 until the diagnosis of PD was made and proper management was finally initiated;

b) Failure to provide properly selected, trained and supervised agents, ostensible agents, servants and employees to ensure proper knowledge of how to evaluate and diagnose a recurrent condition such as that the plaintiff had before dozens of surgical procedures were performed causing massive damage to his entire body;

c) Failure to render reasonable medical care by failing to properly and adequately supervise the healthcare providers physician and non-physician members of Plaintiff's medical care team;

d) Failure to provide sufficient oversight of the attending healthcare providers involved in Mr. Van Houwelingen's urologic care beginning with the 1 October 2020 admission;

e) Failure to render reasonable medical care by failing to provide appropriate post-operative medical examinations, evaluation and care;

f) Failure in its duty to oversee all persons who practice medicine within its walls as to patient care and, more particularly, those healthcare providers involved in the 1 October 2020 admission and the 11 November 2020 readmission and multiple surgical procedures.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

34. As a direct and proximate result of the negligence and carelessness of the defendant hospital, Mr. Van Houwelingen suffered, *inter alia*:

   a) Genital mutilation;

   b) Colostomy placement;

   c) Urethral damage and fistula formation;

   d) loss of the normal appearance and function of his genitals;

   e) inability to have sexual relations;

   f) subjected to dozens of unnecessary, damaging and extremely painful surgical procedures and the attendant post-operative care and its extreme pain;

   g) extreme pain during the entirety of the admissions until the proper diagnosis was made;

   h) impotence;

   i) altered sensation in and about his genitals;

   j) injury to his nerves and nervous tissue;

   k) disfigurement;

   l) persistent pain and discomfort;

   m) greater risk for future urinary tract complications;

   n) emotional and physical pain and suffering;

   o) severe emotional distress.

35. As a further direct and proximate result of the negligence and carelessness of the hospital, Mr. Van Houwelingen will most likely require additional hospitalization, surgical intervention, examinations, physical and/or occupational therapies, counseling, and prescription medications to treat his physical and emotional injuries.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

36. As a direct and proximate result of the negligence and carelessness of the hospital, Mr. Van Houwelingen will be required to expend various and diverse sums of money to cover his ongoing medical care and treatment and for other expenses directly associated with the efforts to cure the injuries he sustained at the hands of the defendants.

37. As a further direct and proximate result of the negligence and carelessness of the hospital, Mr. Van Houwelingen has suffered the loss of the pleasures of his life and his ability to enjoy life.

38. As a further direct and proximate result of the negligence and carelessness of the hospital, Mr. Van Houwelingen has suffered an interference in her intimate relations.

WHEREFORE, plaintiffs hereby demand judgment against the Hospital in an amount that mandates a trial by jury, plus attorney's fees, costs and delay damages.

**COUNT II - NEGLIGENCE**
**DENNIS VAN HOUWELINGEN v. PSHSS and HSS**

39. Plaintiffs incorporate by reference the averments set forth in the prior paragraphs as though same were set forth herein at length.

40. Plaintiff was treated by PSHSS and HSS in such a negligent and careless manner to cause serious bodily and emotional injuries to him.

41. PSHSS and HSS are vicariously and/or ostensibly liable for its agents, servants and/or employees who were involved in the negligent acts and omissions identified in this complaint.

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

9

Van Houwelingen v. Penn State Health Milton S. Hershey Medical Center, et al.
Plaintiffs' Complaint

42. As a direct and proximate result of the negligence and carelessness of the agents, servants and/or employees of PSHSS and HSS, Mr. Van Houwelingen suffered, *inter alia*:

   a) Genital mutilation;

   b) Colostomy placement;

   c) Urethral damage and fistula formation;

   d) loss of the normal appearance and function of his genitals;

   e) inability to have sexual relations;

   f) subjected to dozens of unnecessary, damaging and extremely painful surgical procedures and the attendant post-operative care and its extreme pain;

   g) extreme pain during the entirety of the admissions until the proper diagnosis was made;

   h) impotence;

   i) altered sensation in and about his genitals;

   j) injury to his nerves and nervous tissue;

   k) disfigurement;

   l) persistent pain and discomfort;

   m) greater risk for future urinary tract complications;

   n) emotional and physical pain and suffering;

   o) severe emotional distress.

43. As a further direct and proximate result of the negligence and carelessness of the agents, servants and/or employees of PSHSS and HSS, Mr. Van Houwelingen will most likely require additional hospitalization, surgical intervention, examinations, physical and/or occupational therapies, counseling, and prescription medications to

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

10

VAN HOUWELINGEN V. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

treat his physical and emotional injuries.

44. As a direct and proximate result of the negligence and carelessness of the agents, servants and/or employees of PSHSS and HSS, Mr. Van Houwelingen will be required to expend various and diverse sums of money to cover his ongoing medical care and treatment and for other expenses directly associated with the efforts to cure the injuries he sustained at the hands of the defendants.

45. As a further direct and proximate result of the negligence and carelessness of the agents, servants and/or employees of PSHSS and HSS, Mr. Van Houwelingen has suffered the loss of the pleasures of his life and his ability to enjoy life.

46. As a further direct and proximate result of the negligence and carelessness of the agents, servants and/or employees of PSHSS and HSS, Mr. Van Houwelingen has suffered an interference in her intimate relations.

WHEREFORE, plaintiff hereby demands judgment against PSHSS and HSS in an amount that mandates a trial by jury, plus attorney's fees, costs and delay damages.

## LOSS OF CONSORTIUM
## DIAN MAYA ALLO v. ALL DEFENDANTS

47. Plaintiff, Dian Maya Allo, incorporates by reference each and every allegation set forth herein as though fully set forth in length.

48. As a result of the foregoing, Plaintiff, Dian Maya Allo, has been denied companionship, care and society of her husband, and therefore his consortium, for which she seeks substantial damages.

**WHEREFORE**, plaintiff, Dian Maya Allo, hereby demands judgment against all defendants and claims compensatory damages against defendant in an amount substantially in excess of the jurisdictional limits subject to compulsory arbitration, as

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

11

Van Houwelingen v. Penn State Health Milton S. Hershey Medical Center, et al.
Plaintiffs' Complaint

well as delay damages, post-judgment interest, and such other relief as this Honorable Court deems just and proper.

## NOTICE OF PRESERVATION OF EVIDENCE

Plaintiffs hereby demand and request that defendants take necessary action to ensure the preservation of all documents, communications, whether electronic or otherwise, items and things in possession and/or control by any party to this action, or any other entity over which any party to this action has control or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or relate to the subject matter of the causes of action and/or the allegations of this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of six jurors.


**THE BEASLEY FIRM, LLC**


Dated: 7 September 2022        By:        */s/ James E. Beasley, Jr.*
                                          JAMES E. BEASLEY, JR.
                                          THE BEASLEY BUILDING
                                          1125 Walnut Street
                                          Philadelphia, Pa 19107
                                          215.592.1000
                                          215.592.1523 (telefax)
                                          jim.beasley@beasleyfirm.com

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

12

VAN HOUWELINGEN v. PENN STATE HEALTH MILTON S. HERSHEY MEDICAL CENTER, ET AL.
PLAINTIFFS' COMPLAINT

## VERIFICATION

I am a Plaintiff and that the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
DENNIS VAN HOUWELINGEN

DATED: 09-04-2022